BOARD OF CANVASSERS AND REGISTRATION OF THE CITY OF WOONSOCKET *vs.* BOARD OF ELECTIONS OF THE STATE OF RHODE ISLAND.

SEPTEMBER 7, 1954.

PRESENT: Baker, Condon and O'Connell, JJ.

PER CURIAM. This is a petition for certiorari by the board of canvassers and registration of the city of Woonsocket, hereinafter called the local board, which seeks the quashing of the records of the state board of elections, hereinafter called the state board, purporting to restore the name of John F. Doris to the voting list of the fourth representative district of said city after the local board had transferred it to the voting list of another district.

The petition raises the question whether the state board has jurisdiction to correct a voting list after the final canvass thereof by the local board. The state board claimed jurisdiction under general laws 1938, chapter 313, §17, as amended by public laws 1940, chap. 817. This section reads as follows: "The board of elections may petition any board of canvassers to make any correction in any voting list, and if said board of canvassers does not comply with

said request forthwith, the board of elections may make such correction itself and the correction thus made shall not be changed except on order of the supreme court. Any person whose name is stricken from any voting list by the board of elections may file a petition as from an action of the board of canvassers as provided in §11."

The local board contends that such section is impliedly repealed by P. L. 1951, chap. 2870. This chapter provides for the permanent registration of voters pursuant to article XXIX of the amendments to the state constitution. It contains thirty-seven sections none of which relate to the specific subject matter of the aforementioned §17 of chap. 313. The local board concedes that is so, but nevertheless argues that §17 is repealed by implication because it is inconsistent with the general provisions of chap. 2870 and more particularly with §§5 and 6 thereof. It relies for this view on §37 which reads as follows: "This act shall take effect upon its passage and all other acts and parts of acts inconsistent herewith are hereby repealed; provided, however, that all provisions of law not inconsistent with the provisions of this act and the constitution shall apply and remain in full force and effect."

Whether we should permit the local board to thus question the state board's jurisdiction by means of certiorari was argued at the hearing on the merits of the petition but not as fully as we would like and as its importance deserves. However, the public interest in the merits of the principal question is such that we deem it advisable at this time to pretermit the matter of procedure. Hence, assuming without deciding that in the circumstances here the local board is a proper petitioner for the writ of certiorari, we shall proceed to decide the principal question.

We have carefully examined the statutory provisions relied on by the local board and we cannot agree that there is any inconsistency between those provisions and §17 which expressly vests in the state board the specific power that they

have exercised. The powers vested in the local board can very well be exercised by them to the full extent provided by §§5 and 6 of chap. 2870 and at the same time consistently allow for supervision over their final actions by the state board as specified in §17. When the legislature created the state board of elections by P. L. 1940, chap. 817, wherein §17 appears in the election laws for the first time it was evidently the legislative intent to vest in that board state-wide supervision of elections. To hold that chap. 2870 impliedly repealed such supervision would not, in our opinion, be a reasonable construction. In any event if such were the legislative intent it is not made sufficiently clear for us to declare judicially that §17 has been repealed by necessary implication.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified pursuant thereto are ordered sent back to the respondent board.

*Israel Rabinovitz*, City Solicitor, for petitioner.

*Stephen F. Achille*, for respondent.

*John F. Doris*, pro se.